Case: 1:25–cv–00519 JURY DEMAND
Assigned To : Friedrich, Dabney L.
Assign. Date : 2/10/2025
Description: Pro Se Gen. Civ. (F-DECK)



| | |
|---|---|
| **DE OLIVEIRA, DANIEL, MD**<br>**PETITIONER**<br><br>**v.**<br><br>**TENET HEALTCARE**<br>**CORPORATION**<br>**ALL JUDGES ON CAUSE**<br>**NO.2018-CCL-01401**<br>**CHIEF JUSTICE NATHAN**<br>**HECHT**<br>**ATTORNEY GENERAL KEN**<br>**PAXTON** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE UNITED STATES**<br><br>**DISTRICT COURT**<br><br>**FOR THE**<br><br>**DISTRICT OF COLUMBIA** |

---

**ORIGINAL PETITION FOR DECLARATORY JUDGEMENT IN ULTRA VIRES ACTIONS AND CORPORATE MISCONDUCT: TENET HEALTHCARE LIABILITY FOR CIVIL RIGHTS VIOLATIONS**

---

Monday, February 3, 2025

## INTRODUCTION

**COMES NOW,** Daniel De Oliveira, MD, Plaintiff, and pursuant to **28 U.S.C. §§ 2201-2202**, files this action for Declaratory Judgment and respectfully shows the Court as follows:

This action arises from **jurisdictional issues** in **Cameron County Court at Law 1** regarding a **consolidated cause** in which one contract contains an **arbitration clause**, while in the other contractual dispute, **Plaintiff is not a party**. The arbitration clause **removed subject matter jurisdiction** from **Cameron County**

**Court at Law 1**, and Plaintiff's **non-party status** deprived the court of both **personal jurisdiction** and **subject matter jurisdiction** over him.

Plaintiff requests this Court to **declare that Cameron County Court at Law 1 never had and does not have jurisdiction** over him. Furthermore, Plaintiff seeks a declaration that all judges presiding over **Cause No. 2018-CCL-01401**, including **administrative judges** and **Chief Justice Nathan Hecht**, acted **ultra vires—** beyond their legal authority.

Additionally, Plaintiff requests this Court to declare that **Attorney General Ken Paxton lacks derivative jurisdiction** to defend judges acting **ultra vires** and that **Tenet Healthcare Corporation** is responsible for **filing litigation in a court without jurisdiction and misleading the Texas judicial system, triggering a cascade of courts acting outside their jurisdiction**.

Finally, Plaintiff seeks a declaration that **Tenet Healthcare Corporation is liable for Civil Rights Violations** that would not have occurred **had it followed its duty to file lawsuits only in courts with proper jurisdiction**.

**DISCOVERY**

Plaintiff **anticipates the need for discovery** to obtain evidence supporting these claims, including but not limited to **documents, communications, court records,**

and testimony that will demonstrate the **lack of jurisdiction in Cameron County Court at Law 1**, the **improper consolidation of cases**, and the **misrepresentations made by Tenet Healthcare Corporation** in its filings. Plaintiff reserves the right to **seek depositions, interrogatories, and requests for production** to fully establish the facts necessary for this Court's declaratory judgment.

**Washington, D.C. Jurisdiction is Appropriate**

**I. Introduction**

Jurisdiction is a fundamental right, and the refusal of the Texas Judicial System—including the Chief Justice and the Attorney General—to address jurisdictional challenges has created a situation that is unprecedented and dangerous. Courts acting without jurisdiction undermine the very foundation of the American legal system, transforming it into an authoritarian structure devoid of checks and balances. This case raises issues of **national interest and national security** by seeking a precedent that ensures private entities cannot escape liability for causing constitutional violations through deceptive litigation.

The **court may sua sponte determine** whether jurisdiction is appropriate, but the **petitioner believes Washington, D.C., is the proper venue** given the federal implications and the need for a binding nationwide precedent.

## II. Tenet Healthcare's Role in Perpetuating Civil Rights Violations

The central reason courts acted outside of their jurisdiction in this case is because **Tenet Healthcare Corporation knowingly filed lawsuits in courts that lacked jurisdiction** and simultaneously misled those courts into believing they had authority to adjudicate the matter. This was **not an error or oversight**, but a **strategic manipulation of the legal system** to deprive the petitioner of his rights.

**The obligation to file in a court with jurisdiction is absolute—whether the error was intentional or not.** A plaintiff bears the responsibility to ensure jurisdiction **before filing**, and once jurisdiction is contested, the plaintiff has an affirmative duty to **reevaluate and confirm** that jurisdictional requirements are met. **Tenet Healthcare failed this duty.**

Instead of correcting its mistake, **Tenet Healthcare persisted in litigating in a court that lacked jurisdiction, despite jurisdiction being directly challenged.** This persistence—**continuing litigation in a court without authority, even after being put on notice**—moves beyond mere error into the realm of **deliberate constitutional violation**. At this point, Tenet's conduct became **knowing and intentional**, directly leading to **due process violations and an unconstitutional abuse of state judicial power.**

## III. Federal Interest and National Implications

The **Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14**, preempts state court jurisdiction over disputes governed by arbitration agreements. The Texas courts' failure to recognize this has national implications for arbitration law enforcement, judicial overreach, and civil rights protections.

The Supreme Court has consistently held that **jurisdiction must be established before a court takes any action (Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998))**. The Texas judiciary's failure to do so demonstrates **a systemic issue that requires federal intervention**.

Moreover, **Ex parte McCardle, 74 U.S. 506 (1868)**, reaffirms that without jurisdiction, **courts cannot proceed at all**, making every action taken in the Texas courts **void ab initio**. The failure to dismiss the case for lack of jurisdiction further illustrates how **misleading lawsuits filed by private corporations can result in prolonged and systemic constitutional violations**.

Given these **federal interests**, it is appropriate for Washington, D.C., to be the venue for this case. The **Supreme Court and federal judiciary have an interest in ensuring that arbitration agreements are respected nationwide**, that **courts do not act outside jurisdiction**, and that **private entities do not exploit judicial processes to strip individuals of their constitutional rights**.

## IV. A National Precedent on Civil Rights Accountability

This case presents an opportunity to establish a **precedent of national importance**:

- **When a private entity files a lawsuit in a court without jurisdiction and persists in litigating despite jurisdiction being contested, that party must be held liable for the constitutional violations that result.**

- **Private corporations must be held accountable for civil rights violations when their legal actions set into motion constitutional violations by government actors.**

- **The Fifth Amendment should not only apply to direct government violations but also to situations where private parties deliberately manipulate the judicial system, causing those violations.**

- A Fifth Amendment violation resulting from a court acting outside its jurisdiction can only occur if a private party, here Tenet Healthcare, first improperly invoked that court's authority. Tenet had a duty to ensure jurisdiction before filing but breached that duty by omitting the arbitration clause and misrepresenting the parties, thereby inducing the court to act ultra vires. But for Tenet's improper filing, the court could not have taken

unconstitutional action, making Tenet a proximate cause of the violation. This breach caused direct harm to both myself and the judicial system, warranting liability not only for the court and judges but also for Tenet Healthcare. Thus, private entities that knowingly or recklessly trigger judicial action outside jurisdiction must be held accountable for the constitutional violations they set into motion, which otherwise would not have happened. This makes them responsible for the breach of duty and the causation of damages alongside government actors, and therefore, they must also be held accountable to protect the civil rights of litigants.

Failing to hold **Tenet Healthcare** accountable would create a dangerous precedent, allowing **other corporations to abuse the judicial system nationwide**. This is **not just a personal case—it is a systemic issue that could affect thousands of individuals who find themselves in similar situations. Therefore, Washington, D.C. court is the proper jurisdiction for this matter.**

## V. Washington, D.C. is the Proper Jurisdiction

Washington, D.C. is the appropriate jurisdiction for this matter due to the **federal implications, national significance, and the need for an impartial forum**. Given the involvement of Texas state judiciary officials, including the Chief Justice, and the pending litigation against them, **federal courts in Texas may face undue**

pressure and potential conflicts of interest. This creates an environment where neutrality may be compromised, necessitating a venue that is **free from local influence**.

The **federal nature of this case**—involving violations of due process, Fifth Amendment protections, and the Federal Arbitration Act—warrants adjudication in a jurisdiction with **authority over constitutional claims and national legal standards**. Washington, D.C., as the seat of the federal government, provides a **neutral forum capable of setting binding precedent** to prevent future judicial overreach and ensure that **private entities are held accountable when they mislead courts into ultra vires actions**.

Moreover, this case seeks to establish a **national precedent** that when a private entity improperly invokes judicial authority, it must be held liable for the constitutional violations that follow. Given the widespread implications, **only a federal court in Washington, D.C., can provide the oversight and legal clarity necessary to uphold the rule of law**.

## VI. Conclusion

Accordingly, this court must declare that **Tenet Healthcare—or any other plaintiff—who files a lawsuit in a court without jurisdiction is liable for the**

resulting **Fifth Amendment violations suffered by the party subjected to rulings by ultra vires actors**.

Jurisdiction is a fundamental right, and when a plaintiff initiates litigation in a court lacking jurisdiction, it **forces the court into unconstitutional action**, violating the due process rights of the defendant. **Once jurisdiction is challenged, the plaintiff has an affirmative duty to ensure that the court has the legal authority to proceed.** Tenet Healthcare failed this duty.

By continuing to litigate despite lacking jurisdiction, Tenet knowingly **perpetuated** due process violations, making it **directly responsible for the constitutional harm that followed.** A court acting **ultra vires** does not shield the plaintiff from liability; rather, it strengthens the argument that **the plaintiff, by initiating the improper litigation, set into motion the chain of constitutional violations.**

This case presents a **nationally significant question of law**: Whether a private entity can **escape liability for constitutional violations it caused by filing in an improper forum**. The answer must be **no**.

**By setting this precedent, the court will ensure that no future litigant—corporate or otherwise—can manipulate the legal system, mislead courts, and evade liability for the constitutional harm inflicted.** The rule of law demands

that **plaintiffs bear responsibility when they cause state actors to act beyond their legal authority, violating fundamental rights.**

STATEMENT OF FACTS

## 1. Background of the Cases

Tenet Healthcare Corporation, through its subsidiaries, filed two separate lawsuits against **Daniel De Oliveira, MD** in the consolidated cause **2018-CCL-01401** in **Cameron County Court at Law 1**, despite the lack of jurisdiction:

- **VHS Harlingen Hospital Company, LLC, d.b.a. Valley Baptist Medical Center-Harlingen v. Daniel De Oliveira, MD** (Cause No. 2018-CCL-01401)

- **Valley Baptist Realty Company, LLC v. Daniel De Oliveira, MD** (Cause No. 2018-CCL-01401)

## 2. VHS Harlingen Hospital Company, LLC Case

- This lawsuit involves a **Relocation Agreement** between **VHS Harlingen Hospital Company, LLC** and **Daniel De Oliveira, MD** 【Exhibit A】 .

- The contract includes a **binding arbitration clause**, explicitly requiring disputes to be resolved through arbitration under **JAMS Rules**【Exhibit A】.

- **Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14**, preempts state court jurisdiction when an arbitration agreement exists.

- The lawsuit **failed to disclose the arbitration clause**, misleading the court to believe it had jurisdiction【Exhibit A】.

- Since an arbitration clause **removes subject matter jurisdiction from the court**, Cameron County Court at Law 1 **never had jurisdiction** over this case【Exhibit A】.

## 3. Valley Baptist Realty Company, LLC Case

- This lawsuit concerns a contract between **Valley Baptist Realty Company, LLC** and **Valley Heart and Vascular Institute, PLLC**【Exhibit B】.

- **Daniel De Oliveira, MD, is not a signatory to this contract in his individual capacity.**

- Under **Texas contract law, a non-signatory cannot be sued for obligations under a contract.** (EXHIBIT B)

- **Cameron County Court at Law 1 lacked both subject matter and personal jurisdiction** over Daniel De Oliveira, MD. (EXHIBIT B)

## 4. Procedural History and Due Process Violations

- Until **January 2024**, Daniel De Oliveira, MD, was represented by attorneys.

- Upon proceeding **pro se**, he discovered the court lacked jurisdiction and filed **motions for jurisdictional clarification**.

- The **court refused to rule** on jurisdiction on multiple motions, effectively denying due process. As Rule 120 of the Texas Rules of Civil Procedure requires courts and judges to have jurisdiction to rule, the clarification of jurisdiction should be immediate, but the court continued to refuse.

- To avoid tacit consent, Daniel De Oliveira, MD requested a **written ruling**, which was also denied.

- A **writ of mandamus** (Cause No. 13-24-00392-CV) was filed in the **13th Court of Appeals** to challenge jurisdiction but was **denied without reason**. **Exhibit F - The 13th Court of Appeals not only has denied the Relator's request for writ to clarify jurisdiction but also to clarify its own derivative jurisdiction over the Relator.**

- Subsequently, Daniel De Oliveira, MD filed **motions to recuse all judges involved**, citing jurisdictional conflicts 【Exhibit H - seeking jurisdiction clarification】 . These motions were intended to compel the court to rule on jurisdiction as required by Rule 120 of the Texas Rules of Civil Procedure.

- These motions (Exhibit H) demonstrated that Daniel De Oliveira, MD consistently followed procedures and attempted through the proper legal channels to obtain clarification of jurisdiction. There are many more filings addressing the attempts to clarify jurisdiction by Daniel De Oliveira, MD, which the court and judges systematically denied or ignored, without ever determining jurisdiction.

## 5. Escalation to District Courts in Texas through Declaratory Judgments

*Houston Case*

- Daniel De Oliveira, MD filed a **declaratory judgment action in Houston** to establish that **VHS Harlingen Hospital Company, LLC breached the contract by litigating instead of arbitrating**. The matter is straightforward: the lawsuit itself serves as evidence of the breach. The arbitration clause was omitted from the lawsuit, a factual omission that is undeniable. Despite this

clear violation, the court still refused to rule in favor of a **Pro Se** litigant, demonstrating an unjustified bias against those without legal representation.

- Instead of issuing a judgment, the **113th District Court transferred the case to a nonexistent cause (2024-CCL-00924) in Cameron County Court at Law 1**, an action **without legal precedent**.

- Such a legal impossibility is so extreme that the **Texas Supreme Court has accepted a writ of mandamus petition on the matter (Case No. 25-0059)**. If courts are allowed to create cases without the need for a lawsuit being filed, this would destroy the rule of law as we know it. This issue transcends a simple legal error—it poses a fundamental threat to judicial integrity. The matter itself is of national security significance and justifies the Federal Court's jurisdiction in Washington, D.C.

- This demonstrates the **extraordinary lengths Cameron Court at Law 1 and TENET HEALTHCARE are going to in order to deprive Daniel De Oliveira, MD, of his fundamental Fifth Amendment rights**.

## 6. Attorney General Ken Paxton

- The **Attorney General of Texas**, through his office (OAG), is actively defending judges acting outside their jurisdiction 【Exhibit K】.

- Daniel De Oliveira, MD, filed a **motion to disqualify the Attorney General**, arguing that he **lacks derivative jurisdiction**〖Exhibit K〗.

- Daniel De Oliveira, MD, formally **requested the Attorney General to provide proof of jurisdiction**, but the request was **refused**〖Exhibit K〗.

## 7. TENET HEALTHCARE CORPORATION

- **VHS Harlingen Hospital Company, LLC** and **Valley Baptist Realty Company, LLC** are subsidiaries of **Tenet Healthcare Corporation**, which **directs their legal actions**.

- **Will Hughes**, the same attorney, represents both subsidiaries, reflecting a **pattern of misrepresentation and procedural misconduct**.

- **Tenet Healthcare orchestrated and perpetuated civil rights violations** against **Daniel De Oliveira, MD**, making it **liable and subject to civil rights claims**.

- Had **Tenet Healthcare properly filed its lawsuits in courts with jurisdiction**, none of the ultra vires judicial actions would have occurred.

## 7. JUDICIAL MISCONDUCT, CONFLICT OF INTEREST AND RETALIATORY SANCTIONS: WHY TEXAS IS NOT A PROPER FORUM

Chief Justice Nathan Hecht has **blatantly ignored jurisdictional mandates** and actively ruled in matters affecting **Daniel De Oliveira, MD**, despite being **a named defendant in a federal lawsuit**. Under **Texas Rule of Civil Procedure 18b**, a judge must recuse themselves when their impartiality is in question. However, Justice Hecht **refused to recuse himself** from ruling on jurisdictional motions, including **three Writs of Mandamus now pending before the Texas Supreme Court** EXHIBIT L - CHIEF JUSTICE Any ruling in Dr. De Oliveira's favor will immediately expose **Justice Hecht's prior rulings as ultra vires**, rendering them void.

Further, **Judge David L. Evans openly admitted that jurisdiction has not been determined**, yet proceeded to rule against Dr. De Oliveira and impose **$6,440.40 in sanctions** EXHIBIT D JUDGE EVANS. **Jurisdiction must be established before any ruling or sanction can be legally issued**, as required under both **Texas and federal law**. Despite this, Judge Evans **refused to rule on jurisdiction** while simultaneously enforcing **punitive measures**, making his actions both procedurally and constitutionally void EXHIBIT D JUDGE EVANS

Moreover, these sanctions were ordered **payable to the very attorney who misled the court** by **omitting the arbitration clause** and **misrepresenting Dr. De Oliveira as a signatory to a contract**. This is **not just judicial overreach—it is coercion and intimidation**, aimed at press uring Dr. De Oliveira to **abandon his fundamental constitutional rights**. Given these circumstances, **Texas is not a proper forum for this declaratory judgment**, as the state judiciary has demonstrated **systematic bias, refusal to determine jurisdiction, and an unwillingness to uphold due process** EXHIBIT L - CHIEF JUSTICE NATHAN HECHT.

**Proposed Orders for Determination of Jurisdiction (and Derivative Jurisdiction) or Lack Thereof**

**Introduction**

The orders included in this exhibit provide the necessary legal basis to **immediately resolve the issue of jurisdiction** in this case. The **Cameron County Court at Law 1** has failed to establish jurisdiction despite multiple directives requiring clarification ORDER CCAL PROVIDE BASIS OF JURISDICTION and ORDER ON DEFENDANT JURISDICTION CLARIFICATION. Instead of addressing the threshold issue of jurisdiction, it has continued to act ultra vires, in direct violation of well-established **federal precedents** under:

1. **The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14**, which mandates that arbitration agreements are binding and remove subject matter jurisdiction from the courts.

2. **International Shoe Co. v. Washington, 326 U.S. 310 (1945)**, which establishes that a court cannot assert personal jurisdiction unless a defendant has sufficient minimum contacts with the forum state.

The failure of Cameron County Court at Law 1 to justify its jurisdiction, coupled with its continued judicial overreach, means that **this Federal Court has full authority to issue an immediate ruling** confirming the absence of jurisdiction.

**Expedited Resolution**

The determination of jurisdiction does not require additional factual findings, hearings, or further participation from the parties because:

- **Jurisdiction is a purely legal issue**, which can be decided based on the contracts, arbitration clauses, and binding case law.

- **The Court already has all the necessary documentation**, including orders from the state court failing to establish its jurisdiction ORDER CCAL PROVIDE BASIS OF JURISDICTION and ORDER ON DEFENDANT JURISDICTION CLARIFICATION.

- **Immediate resolution is within the Court's authority**, as a federal ruling on jurisdiction will conclusively end this case and prevent further procedural abuses.

If the Court prefers to allow the Defendants an opportunity to respond, these **proposed orders contain all the necessary legal framework to reach a final ruling without delay**.

**Conclusion**

This Court may act within the legal parameters to make the determination of jurisdiction or lack thereof in Cameron County Court at Law 1. A ruling on this matter will ensure that jurisdiction is properly established or confirmed as absent, allowing for final resolution consistent with governing federal law.

**Relief Sought**

The Plaintiff seeks a declaratory judgment confirming that:

1. **Jurisdictional Determination**: Cameron County Court at Law 1 lacks both subject matter and personal jurisdiction over the lawsuits involving VHS Harlingen Hospital Company, LLC, d.b.a. Valley Baptist Medical Center-Harlingen and Valley Baptist Realty Company, LLC.

2. **Ultra Vires Actions**: All judges and state actors who have acted without jurisdiction have exceeded their legal authority, rendering their actions void.

3. **Violation of Constitutional Rights**: Any legal proceedings conducted outside of a court's jurisdiction constitute a violation of the Plaintiff's Fifth Amendment due process rights.

4. **Legal Responsibility of the Opposing Party**: The entities and individuals responsible for initiating legal action in a court without jurisdiction are directly liable for the resulting harm, including financial and emotional damages, as well as civil rights violations resulting from the deprivation of due process by being ruled on in courts without jurisdiction.

---

**Arbitration Clause in the Contract Between VHS Harlingen Hospital Company, LLC, D.B.A. Valley Baptist Medical Center-Harlingen and Daniel De Oliveira, MD**

1. **Declare that the Relocation Agreement between VHS Harlingen Hospital Company, LLC, D.B.A. Valley Baptist Medical Center-Harlingen and Daniel De Oliveira, MD contains a binding arbitration clause.**

- o  The agreement explicitly mandates that any disputes arising under, out of, or in connection with the contract be resolved through binding arbitration, excluding litigation, thereby removing subject matter jurisdiction from Cameron Court at Law 1.

2. **Declare that the arbitration clause was omitted from the lawsuit, misleading the court to believe it had jurisdiction.**

- o  The omission of this clause in litigation is a material misrepresentation that deprived the court of the ability to correctly assess its jurisdiction, making TENET HEALTHCARE directly responsible for the subsequent civil rights violations..

3. **Declare that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14, removes subject matter jurisdiction from the court.**

- o  Under the FAA, arbitration agreements are irrevocable and enforceable, precluding state courts from exercising jurisdiction over matters subject to arbitration.

- o  Perry Homes v. Cull, 258 S.W.3d 580 (Tex. 2008), confirms that invoking litigation when an arbitration clause applies waives arbitration rights and removes court jurisdiction.

- G.T. Leach Builders, LLC v. Sapphire V.P., L.P., 458 S.W.3d 502 (Tex. 2015), affirms that courts lack subject matter jurisdiction when an arbitration clause exists.

4. **Declare that Cameron County Court at Law 1 never had subject matter jurisdiction over this lawsuit.**

   - Since the arbitration clause governed all disputes under the contract, the court had no legal authority to adjudicate the matter.

---

**Lack of Subject Matter and Personal Jurisdiction in Valley Baptist Realty Company, LLC v. Daniel De Oliveira, MD**

5. **Declare that in the lawsuit Valley Baptist Realty Company, LLC v. Daniel De Oliveira, MD, the contract was between Valley Baptist Realty Company, LLC and Valley Heart and Vascular Institute, PLLC, and Daniel De Oliveira, MD was a non-party in his individual capacity.**

   - The contract was between the business entity Valley Heart and Vascular Institute, PLLC and Valley Baptist Realty Company, LLC.

6. **Declare that Cameron County Court at Law 1 did not have either subject matter jurisdiction or personal jurisdiction.**

- A court cannot assert jurisdiction over a non-party to a contract.

7. **Declare that Valley Baptist Realty Company, LLC misled the court into believing that Daniel De Oliveira, MD was a signatory in his personal capacity.**

   - The plaintiff inappropriately asserted claims against Dr. De Oliveira individually despite the contract being between corporate entities.

8. **Declare that based on International Shoe Co. v. Washington, 326 U.S. 310 (1945), there was no minimal contact between Daniel De Oliveira, MD and Valley Baptist Realty Company, LLC.**

   - A court cannot exercise personal jurisdiction unless a party has sufficient minimum contacts with the forum state.

   - Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017), confirms that a defendant's contact with a state must be specific to the legal dispute.

9. **Declare that Cameron County Court at Law 1 lacked personal jurisdiction and subject matter jurisdiction over this case.**

   - Without minimal contacts and a contractual obligation, the lawsuit was improperly brought against Dr. De Oliveira individually.

**Ultra Vires Actions and Lack of Derivative Jurisdiction**

10. **Declare that in the absence of jurisdiction in Cameron County Court at Law 1 in Cause No. 2018-CCL-01401, derivative jurisdiction cannot exist.**

   o A higher court cannot derive jurisdiction from a lower court that never had jurisdiction in the first place.

11. **Declare that the judges in the trial court acted in an ultra vires capacity.**

   o When a court acts outside its jurisdiction, all orders issued are void ab initio, per Pennoyer v. Neff, 95 U.S. 714 (1878).

12. **Declare that all judges assigned by the Fifth Administrative Judicial Region and Judge Medary acted in an ultra vires capacity.**

   o Without jurisdiction, any judicial action taken is invalid and beyond their legal authority.

13. **Declare that Chief Justice Nathan Hecht acted in an ultra vires capacity.**

- o  If jurisdiction was absent, any orders or rulings issued by the Chief Justice related to this matter are void.

14. **Declare that Attorney General Ken Paxton cannot derive jurisdiction from the lower court and acted in an ultra vires capacity.**

- o  The Attorney General's authority is bound by the jurisdiction of the originating court. If the lower court lacked jurisdiction, so did the Attorney General.

---

**Jurisdiction as a Fundamental Right and Civil Rights Violations**

15. **Declare that jurisdiction is a fundamental right, and that a court acting outside its jurisdiction is a violation of Fifth Amendment rights.**

- o  Due process under the Fifth Amendment protects individuals from state actors acting outside their legal authority.

- o  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), affirms that jurisdiction must be established before proceeding with a case.

16. **Declare that all orders issued without jurisdiction, including sanctions, are null and void.**

   o   Orders issued outside jurisdiction have no legal effect and cannot be enforced under established law.

## CONCLUSION

The fundamental principle of jurisdiction is the cornerstone of any lawful judicial proceeding. Without jurisdiction, any action taken by a court is void and legally unenforceable. The indisputable facts presented in this case establish that Cameron County Court at Law 1 never had, and does not have, subject matter or personal jurisdiction over the Plaintiff, Daniel De Oliveira, MD.

First, the arbitration clause in the contract between VHS Harlingen Hospital Company, LLC, d.b.a. Valley Baptist Medical Center-Harlingen and the Plaintiff removes subject matter jurisdiction from the court under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14. The omission of this clause from the lawsuit misled the court into assuming jurisdiction it did not possess. Under established legal precedent, including *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008), once an arbitration clause is invoked, a state court lacks authority to litigate the dispute.

Second, in *Valley Baptist Realty Company, LLC v. Daniel De Oliveira, MD*, the Plaintiff was not a party to the contract in his individual capacity. Under well-established legal doctrine (*First Bank v. Brumitt*, 519 S.W.3d 95 (Tex. 2017)), a non-signatory cannot be held liable under a contract to which they are not a party. Consequently, Cameron County Court at Law 1 lacked both subject matter and personal jurisdiction in this lawsuit.

Third, the judicial officers involved, including those of the Thirteenth Court of Appeals, the Texas Supreme Court, and the Attorney General's Office, failed to acknowledge the lack of jurisdiction, leading to ultra vires actions in violation of the Plaintiff's fundamental due process rights under the Fifth Amendment. A court acting outside its jurisdiction is not merely committing legal error—it is engaging in a constitutional violation. The refusal of state actors to rectify these jurisdictional deficiencies only compounds the harm suffered by the Plaintiff and undermines the legitimacy of the judicial system.

Accordingly, this Court must issue a declaratory judgment confirming that Cameron County Court at Law 1 never had jurisdiction, that all judges who acted in this case did so ultra vires, and that Tenet Healthcare Corporation is responsible for initiating and perpetuating these jurisdictional violations. Furthermore, the

Court must recognize that Tenet's deliberate misrepresentations to the judiciary directly resulted in due process violations and constitutional harm.

Justice demands that courts adhere to their fundamental duty to assess jurisdiction before issuing rulings. To allow these violations to stand uncorrected would create a dangerous precedent where private entities and judicial officers can evade accountability for constitutional violations. The law is clear: without jurisdiction, there can be no legitimate adjudication. This Court must declare the jurisdictional defects in these cases, affirm the ultra vires nature of the actions taken, and ensure that private entities do not escape liability when their misconduct triggers constitutional harm.

For these reasons, the Plaintiff respectfully requests that this Court issue a declaratory judgment in favor of the relief sought, confirming the absence of jurisdiction and holding all responsible parties accountable for their actions.

Respectfully submitted,

**Daniel De Oliveira, MD**
**Pro See**
374 East Meadow Av. Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Email: danieldeoliveira@me.com

## CERTIFICATE OF SERVICE

Monday, February 3, 2025

I hereby certify that a true and correct copy of the **ORIGINAL PETITION FOR**

**DECLARATORY JUDGMENT IN ULTRA VIRES ACTIONS AND CORPORATE**

**MISCONDUCT: TENET HEALTHCARE LIABILITY FOR CIVIL RIGHTS**

**VIOLATIONS** will be served upon all parties of record once the date-stamped copy of the

petition is returned and it is confirmed as filed with the court.

Service will be made via **Certified Mail** to all parties of record.

**Respectfully submitted,**

**Daniel De Oliveira, MD**
Pro Se
374 East Meadow Ave., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com